merits, and a determination by this court will more speedily settle all questions of distribution by a decision on the merits.

The above conclusion has been reached after some hesitation and uncertainty. If the expressions of our supreme court in the Byers and Hoffmeiseter cases are applicable to the question of distribution of assets between contending creditors, perhaps a different conclusion should have been reached. The question merits a determination by our highest courts.

As the assignee has allowed, or is willing to allow, the claims for the amounts specified in the notes against the respective firms whose names are attached thereto, a decree may be entered in favor of the defendant at plaintiff's costs.

*Stephens & Lincoln* for First National Bank.

*Follett, Kelly & Follett, Boyce & Boyd* and *M. C. Slutes,* for the Creditors

*W. C. Cochran,* for the Assignee

---

(Cin. Superior Court, Gen. Term, 1899.)
## OHIO MESSENGER & TELEGRAPH CO. v. THEODORE BRANDSTETTNER.

*Rules of general terms as to briefs—*
(1.) The rules of the superior court of Cincinnati require briefs to be filed in all general term cases, containing distinctly the points relied upon. A motion for rehearing will be denied when the brief of plaintiff in error made no reference to the technical error relied upon in the motion. The fact that he did not, by reason of want of time, reach the point in oral argument does not excuse the omission in his brief.

*Too late to open cases on technical errors—*
(2.) Where a case has been examined in general term on all the substantial questions of law and evidence raised in the brief of plaintiff in error, it is too late to reopen the case upon a mere technical error in the charge of the trial court to the jury, of which no reference was made either in his brief or oral argument.

---

On motion for hearing.
By the Court.

This motion must be denied. The grounds advanced for a rehearing are not sufficient in the opinion of the court to overcome the reasons assigned in the original decision by the court for declining to interfere with the judgment below because of the technical error, if it be. error, in the charge of the trial court. The rules of the court require that in all general term cases briefs shall be filed, containing distinctly the points relied on for reversal or otherwise. In the brief filed by plaintiff in error in this case, whether from oversight or otherwise, no reference was made

to the technical error in question, and we do not feel that, at this stage of the case, when the case has been examined on all the substantial questions of law and evidence raised, it ought to be reopened for discussion of mere technical error. In this case there was no reference to the point involved, either in the brief or in the oral argument. Counsel claims that by reason of want of time he did not reach the point in the oral argument, but a similar excuse cannot avail him for the omission in his brief, as to which he had absolute control.

*Scott Bonham* and *Louis A. Ireton,* for motion.

*C. B. Matthews,* contra.

---

(Cin'ti. Superior Court, Gen. Term, 1901.)
## GUS. HILL v. M. C. ANDERSON

*Rule as to special damages—*
(1.) Where the prospective profits to be derived from the performance of a contract are so problematic as to be within the rule of remoteness barring recovery, plaintiff may recover, as special damages, for the expenses incurred by him in preparing for the execution of the contract.

*General and special damages may be pleaded—*
(1.) An allegation of general damages for of contract, does not preclude an allegation of special damages, covering the expenses incurred by plaintiff in preparing for the execution of the contract.

*Itemizing general damages—*
(3.) General damages need not be specifically itemized.

*Pleading special damages—*
(4.) Special damages must always be pleaded and proven.

---

DEMPSEY, J.

The matter sought to be stricken out of the petition consists of items of damage in the nature of special damages, and must be based upon the theory that they are immaterial in view of the general claim of damages to the extent of $5,000. Special damages must always be pleaded and proven; general damages need not be specifically itemized, but it is not always easy to distinguish between general and special damages.

The item of damages in this case will very likely be a vital one and one much contested. The problematical nature of what plaintiff's profits might have been under the contract, if it had been carried out, may bring his case within the rule of remoteness and bar any recovery so far as the value of his contract was concerned. If such should turn out to be the

case, plaintiff would then be entitled to reimbursement for all the expenses he has been to in preparing on his own side for the execution of the contract; and the items sought to be stricken out are expenses of that nature. See *Bernstein* v. *Meech*, 130 N. Y., 354; *Sedgwick's Elements of Damages*, 208, 209. That he has itemized them and not pleaded them generally is to defendant's advantage, as he is now informed of what plaintiff's claims are, and he ought not to complain on that score.

The motion will be overruled and twenty days allowed to answer.

*Jones & James,* for Plaintiff.

*Shay & Cogan,* Contra.